**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6565 W. Sunset Ave., Ste. 410
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
Sherise Yamada

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERISE YAMADA,<br><br>   Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>   Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

## INTRODUCTION

1. Sherise Yamada (Plaintiff) brings this action to secure redress from Midland Credit Management, Inc. (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.  Plaintiff also brings this

action to secure redress from Defendant for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788].

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions alleged in this Complaint originated here as Defendant is located and transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Citrus Heights, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in San Diego, California. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA.

## FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

8. At all times relevant to this action, Defendant owned, operated and/or controlled telephone number (877) 411-5551. At all times relevant to this action,

Defendant called Plaintiff from, but not limited to, the forgoing telephone number for the purpose of collecting the alleged debt.

9. Within one year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at Plaintiff's telephone number ending in 8127.

10. During the past one (1) year, Defendant has called Plaintiff scores of times, often calling on a daily basis and multiple times a day.  However, the debt Defendant seeks to collect is not owed by Plaintiff but by someone named "Masaru Yamada."

11. Plaintiff has answered several of Defendant's calls and advised that she is not the debtor Defendant seeks to collect the debt from and to cease placing calls to Plaintiff's telephone.

12. As an example, Defendant called and spoke with Plaintiff on at least the following dates/times: June 19, 2014 at 9:43am, June 20, 2014 at 9:08am, June 22, 2014 at 5:51pm, (a return call from Plaintiff) and June 23, 2014 at 9:15am.

13. Notwithstanding, Defendant continued to call Plaintiff's phone on a daily basis, demanding payments despite knowing that Defendant is calling the wrong individual.

14. As a result, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff as Defendant.

15. As a result, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

# FIRST CAUSE OF ACTION

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

16.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.  Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

(a)  Defendant violated §1692d by engaging in conduct the natural consequence is the abuse, annoyance or harassment of Plaintiff;

(b)  Defendant violated §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(c)  Defendant violated *§1692e* of the FDCPA by utilizing false and deceptive practices in connection with collection of the alleged debt;

18.  Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19.  As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

# SECOND CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

20.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.  Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)  Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

22. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and CAL. CIV. CODE § 1788.30(a) for the emotional distress suffered as a result of both the intentional and/or negligent FDCPA and RFDCPA violations, in amounts to be determined at trial and for Plaintiff.

(b) Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A) pursuant to CAL. CIV. CODE § 1788.30(b); and

(c) Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3) and CAL. CIV. CODE § 1788.30(c);

(d) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

                                    RESPECTFULLY SUBMITTED,

Dated: April 9, 2015         **MARTIN & BONTRAGER, APC**

                              By: <u>/s/ Nicholas J. Bontrager</u>

                                  Nicholas J. Bontrager
                                  *Attorney for Plaintiff*